IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

ANDRE RAMON CRAVER,

    Plaintiff,                       No. CIV S-10-1880 EFB P

    vs.

SACRAMENTO COUNTY,

    Defendant.                      <u>ORDER</u>

_____/

      Andre Ramon Craver, an inmate confined at High Desert State Prison, filed this pro se civil rights action under 42 U.S.C. § 1983. On November 17, 2010, this court dismissed the complaint with leave to amend, finding that plaintiff had not stated a cognizable claim. Currently before the court is petitioner's amended complaint. Dckt. No. 11. This proceeding was referred to this court by Local Rule 302 pursuant to 28 U.S.C. § 636(b)(1) and is before the undersigned pursuant to plaintiff's consent. *See* E.D. Cal. Local Rules, Appx. A, at (k)(4).

      Pursuant to 28 U.S.C. § 1915A, the court shall review "a complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity." 28 U.S.C. § 1915A(a). "On review, the court shall identify cognizable

claims or dismiss the complaint, or any portion of the complaint, if the complaint (1) is frivolous, malicious, or fails to state a claim upon which relief may be granted; or (2) seeks monetary relief from a defendant who is immune from such relief." *Id.* § 1915A(b).

A district court must construe a pro se pleading "liberally" to determine if it states a claim and, prior to dismissal, tell a plaintiff of deficiencies in his complaint and give plaintiff an opportunity to cure them. *See Lopez v. Smith*, 203 F.3d 1122, 1130-31 (9th Cir. 2000). While detailed factual allegations are not required, "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Ashcroft v. Iqbal*, 129 S.Ct. 1937, 1949 (2009) (citing *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). Plaintiff must set forth "sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Id.* (quoting *Twombly*, 550 U.S. at 570).

> A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. The plausibility standard is not akin to a "probability requirement," but it asks for more than a sheer possibility that a defendant has acted unlawfully. Where a complaint pleads facts that are merely consistent with a defendant's liability, it stops short of the line between possibility and plausibility of entitlement to relief.

*Id.* (citations and quotation marks omitted). Although legal conclusions can provide the framework of a complaint, they must be supported by factual allegations, and are not entitled to the assumption of truth. *Id.* at 1950.

The Civil Rights Act under which this action was filed provides:

> Every person who, under color of [state law] . . . subjects, or causes to be subjected, any citizen of the United States . . . to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress . . . .

42 U.S.C. § 1983. "[A] claim for violation of state law is not cognizable under § 1983." *Cornejo v. County of San Diego*, 504 F.3d 853, 855 n.3 (9th Cir. 2007). In addition, an individual defendant is not liable on a civil rights claim unless the facts establish the defendant's personal involvement in the deprivation of a federal right or a causal connection between the

defendant's wrongful conduct and the alleged deprivation.  *See Hansen v. Black*, 885 F.2d 642, 646 (9th Cir. 1989); *Johnson v. Duffy*, 588 F.2d 740, 743-44 (9th Cir. 1978).

The court has reviewed plaintiff's amended complaint pursuant to 28 U.S.C. § 1915A and finds that plaintiff has again failed to state a cognizable claim.  Plaintiff continues to allege that defendant Sacramento County has deprived him certain constitutional rights by not paying for an attorney to represent him in pursuing a motion under California Penal Code § 1405.  That statute provides: "A person who was convicted of a felony and is currently serving a term of imprisonment may make a written motion before the trial court that entered the judgment of conviction in his or her case, for performance of forensic deoxyribonucleic acid (DNA) testing."  Cal. Pen. Code § 1405(a).  It further provides that counsel must be appointed to an indigent defendant who wishes to prepare a motion for DNA testing upon a request that conforms to certain requirements.  *Id.* § 1405(b).  In plaintiff's case, the Sacramento County Superior Court granted his request for counsel to prepare a § 1405 motion, but, because the California Legislature has suspended funding for counsel under § 1405 at present, ordered that plaintiff's representation begin only when funding is restored by the legislature.  Petitioner alleged in his initial complaint that the Superior Court's order deprived him of his rights to counsel, to access the courts, and to equal protection.  Petitioner now alleges that this order has deprived him of his "to access evidence for post-conviction DNA testing" and that, at his criminal trial, he was deprived of his right to present a defense.

As noted in the original screening order, "a criminal defendant has no right to counsel beyond his first appeal in pursuing state discretionary or collateral review[.]"  *Coleman v. Thompson*, 501 U.S. 722, 756 (1991).  Thus, plaintiff has no constitutional right to counsel in a § 1405 proceeding.  Denial of counsel to an indigent person in such a proceeding does not violate the Equal Protection Clause of the Fourteenth Amendment.  *Ross v. Moffitt*, 417 U.S. 600, 612 (1974).  Thus, plaintiff's claims that he has been denied his rights to counsel and equal protection lack facial plausibility, because he has not alleged facts that would establish violation

of those constitutional provisions.

Plaintiff's allegations that he was deprived of counsel in a collateral DNA proceeding under § 1405 do not state a plausible claim for denial of access to the courts, either, as the right to access the courts does not require the state to enable a prisoner to litigate effectively by, for example, appointing counsel. *Lewis v. Carey*, 518 U.S. 343, 354 (1996).

To the extent plaintiff alleges that the state court's order violates § 1405 or other state law, such a claim does not arise under the federal Constitution or laws and is thus not cognizable in this federal civil rights action. *Cornejo*, 504 F.3d at 855 n.3.

Plaintiff's new assertion of a federal constitutional right to access DNA evidence for testing also lacks facial plausibility. The United States Supreme Court has recently held that there is no freestanding federal constitutional right to access DNA evidence. *D.A.'s Office v. Osborne*, ___ U.S. ___, 129 S. Ct. 2308, 2322-23, 174 L. Ed. 38 (2009). To the extent that it may be argued that state law (here, § 1405) creates a liberty interest in accessing DNA evidence that is protected by the Due Process Clause, the Supreme Court has not indicated that due process requires the provision of counsel to an inmate seeking such access. *See id.* (holding that allowing discovery, including discovery of DNA, within limits, plus exempting claims of innocence supported by a sufficient quantum of new evidence from otherwise applicable time limits provided sufficient process). Such a holding would run directly against the Court's previous rulings that the Constitution does not require a state to provide counsel in post-trial collateral proceedings.

To the extent plaintiff alleges that his constitutional rights were violated at his trial, such claims must be brought via petition for writ of habeas corpus rather than in a civil rights action under § 1983. *Preiser v. Rodriguez*, 411 U.S. 475, 500 (1973); *Ramirez v. Galaza*, 334 F.3d 850, 855-56 (9th Cir. 2003).

////

////

1  As plaintiff has failed to state a cognizable claim despite having been provided the
2  opportunity to do so, it is hereby ORDERED that this action is dismissed without leave to amend
3  and the Clerk is directed to CLOSE the case.
4  Dated: March 2, 2011.

EDMUND F. BRENNAN
UNITED STATES MAGISTRATE JUDGE